IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID CARLSON, ALICIA CARLSON,
JANET WEIX, and CARLSON CONSULTANTS LLC,

          Plaintiffs,

    v.

COUNTY OF CHIPPEWA,
WESTERN REGION RECOVERY AND WELLNESS
CONSORTIUM, TIMOTHY EASKER,
JAMES SHERMAN, JESSICA BARRICKMAN,
DENISE EDER, RANDY SCHOLZ, PAUL BRENNER,
JORDAN HALLINGSTAD, KYRA SECRAW,
AURORA COMMUNITY SERVICES, INC.,
JESSICA GOSSEN, and ANDREA OLSEN,

          Defendants.[1]

OPINION and ORDER

24-cv-861-jdp

---

Plaintiff Carlson Consultants LLC provided peer support and skill development services for defendant Western Region Recovery and Wellness Consortium, an association of nine Wisconsin counties that administers mental health and substance abuse services for the region. In early 2024, the Consortium terminated its contract with Carlson Consultants, apparently because of missing and falsified documents and other questionable business practices.

Plaintiffs contend in this case that the Consortium terminated the contract without giving plaintiffs an opportunity to be heard or to clear their names and reputation. Plaintiffs also contend that the Consortium terminated the contract because plaintiff David Carlson, the managing member of Carlson Consultants, is black. Plaintiffs bring state-law contract and tort

---

[1] The court has updated the caption to reflect the parties' stipulation that defendants Jessica Gossen and Andrea Olsen be added to the case caption. *See* Dkt. 40; Dkt. 44, at 2.

claims, and they assert that defendants violated their rights to due process and equal protection under the Fourteenth Amendment.

Defendants move to dismiss plaintiffs' amended complaint, contending that it fails to state a claim for relief. Dkt. 36 and Dkt. 43.[2] The court will grant their motions because plaintiffs fail to state a federal claim, and the court declines to exercise supplemental jurisdiction over plaintiffs' state-law claims. The court will not give plaintiffs another opportunity to amend their complaint.

BACKGROUND

The court draws the following allegations from plaintiffs' amended complaint, Dkt. 15, accepting the allegations as true for the purpose of defendants' motions to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Carlson Consultants started providing peer support and skill development services under a contract with the Consortium in spring 2021. The Consortium renewed the contract with Carlson Consultants in 2022, 2023, and 2024. The contract contained a 30-day "right to cure" provision, allowing a party to remedy before the contract could be terminated. In January 2024, the Consortium stopped referring business to Carlson Consultants. On February 29, 2024, the Consortium notified plaintiffs that it was terminating its contract with Carlson Consultants, effective May 1, 2024.

---

[2] Defendants also contend that plaintiffs' amended complaint doesn't comply with Rule 8 of the Federal Rules of Civil Procedure. Dkt. 37, at 4–7; Dkt. 44, at 5–8. The court agrees that the amended complaint is overlong and hard to decipher. But it's clear that plaintiffs don't state a federal claim for relief, so the complaint meets the minimum requirements of Rule 8. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

Carlson Consultants alleges that defendants made defamatory comments around the time of the termination. On February 29, 2024, the lead comprehensive community services worker of the Consortium, defendant Denise Eder, filed a "mutual respect" complaint against David Carlson. Eder said that David Carlson was disrespectful, intimidating, manipulative, and verbally aggressive; that his behavior displayed a "classic abusive pattern"; and that the Consortium should "avoid doing business with him." Dkt. 15, at 19. Defendant Jessica Barrickman, a former administrator for the Consortium, filed written support for Eder's complaint, though Barrickman later recanted. At some point, members of the Consortium leadership also referred to David Carlson as "criminally minded," "aggressive," and a "psychopath." *Id.* at 33.

In early March 2024, the director of Chippewa County Human Services, defendant Timothy Easker, sent an email message to defendants Denise Eder, Jessica Barrickman, Jordan Hallingstad, and Paul Brenner. The email message indicated that Easker had "discussed safety concerns and next steps concerning [Carlson Consultants]," that someone had "reached out to [David Carlson's probation officer] after the meeting regarding potential new criminal violations related to Medicaid fraud," and that the probation officer would "more than likely place a hold on David which means he will go back to jail." *Id.* at 32.

Also in early March 2024, Eder ordered Hallingstad to make a list of every provider that worked with Carlson Consultants. Eder stated that the Consortium had "not put a block on" Carlson Consultants staff leaving to join other Consortium-contracted agencies. But she indicated that the Consortium was notifying those agencies so that they were aware that "they are onboarding staff that come from an agency that had their contract terminated." *Id.* at 34.

3

In late March 2024, Easker fired Barrickman. Barrickman's involuntary separation report noted that she "engaged in a pattern of conduct which allowed a questionable provider [Carlson Consultants] to continue to provide services and bill Medicaid for a substantial period of time despite [Consortium] staff voicing concerns about billing." *Id.* at 20. The report also noted that Consortium staff "reported being attacked in meetings by David Carlson." *Id.*

Plaintiffs allege that they were denied the opportunity to challenge the termination. From March 2024 to October 2024, plaintiffs sought an administrative review hearing under Chapter 68 of the Wisconsin Statutes regarding the Consortium's termination of its contract with Carlson Consultants. But the parties did not reach an agreement regarding when the hearing should occur or what form the administrative review should take.

## ANALYSIS

This is fundamentally a breach of contract case. Plaintiffs allege that the Consortium terminated its contract with Carlson Consultants without providing plaintiffs with an opportunity to cure the underlying violations, as required by the contract. Plaintiffs also allege that defendants didn't give them an opportunity to be heard because they improperly delayed an administrative review of the Consortium's decision to terminate the contract.

But the breach of contract claim doesn't provide a basis for federal jurisdiction. Plaintiffs also assert that, in terminating the contract, defendants violated their rights to due process and equal protection under the Fourteenth Amendment. As explained in this opinion, plaintiffs' amended complaint doesn't state a federal claim.

## A. Due process violation

Plaintiffs contend that defendants violated their rights to due process in two ways: (1) defendants terminated the Consortium's contract with Carlson Consultants without providing plaintiffs with an opportunity to have the decision administratively reviewed; and (2) defendants published defamatory statements about plaintiffs without providing them with an opportunity to restore their reputations. These actions don't violate the Due Process Clause.

First, as for the right to administrative review, the Due Process Clause doesn't require a hearing to resolve disputes about the meaning and effect of a contract. *Goros v. Cnty. of Cook*, 489 F.3d 857, 859–60 (7th Cir. 2007). Plaintiffs contend that defendants improperly terminated the Consortium's contract with Carlson Consultants because the contract contained a 30-day right-to-cure provision, and defendants didn't give plaintiffs an opportunity to address their alleged breaches. Dkt. 46, at 4–5, 8–9. Plaintiffs do not contend that there are factual disputes requiring a hearing; instead, plaintiffs want to enforce the contract substantively against defendants. But such an action cannot be maintained in federal court under the due process clause. *Khan v. Bland*, 630 F.3d 519, 533 (7th Cir. 2010).[3] Ultimately, the remedies plaintiffs seek undermine any suggestion that they are interested in notice and a hearing on the Consortium's decision to terminate the contract. *Taake v. Cnty. of Monroe*, 530 F.3d 538, 543 (7th Cir. 2008). Plaintiffs seek lost and future wages, emotional distress damages, and punitive damages. Dkt. 15, at 51–53. Plaintiffs don't want more process; they want money. *Goros*, 489 F.3d at 860.

---

[3] Plaintiffs also allege that administrative review was statutorily required. Dkt. 15, at 4. But the Due Process Clause "does not require, or even permit, federal courts to enforce the substantive promises in state laws and regulations." *Mid-Am. Waste Sys., Inc. v. City of Gary*, 49 F.3d 286, 290 (7th Cir. 1995).

Second, as for the defamatory statements, defamation by government officials generally doesn't violate the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 706 (1976). Indeed, defamation doesn't deprive an individual of due process even if it seriously impairs the individual's future employment. *Siegert v. Gilley*, 500 U.S. 226, 233–34 (1991). To state a federal claim for defamation, a plaintiff must show that the damage to his reputation makes it "virtually impossible for the employee to find new employment in his chosen field." *Townsend v. Vallas*, 256 F.3d 661, 670 (7th Cir. 2001). A plaintiff fails to state a federal claim by alleging only reduced economic returns or diminished prestige. *Chicago United Indus., Ltd. v. City of Chicago*, 669 F.3d 847, 850 (7th Cir. 2012). The individual plaintiffs haven't alleged facts showing that they've been denied their liberty to pursue their occupations. For example, they haven't alleged that they were fired from Carlson Consultants, and "[o]ne simply cannot have been denied his liberty to pursue a particular occupation when he admittedly continues to hold a job—the same job—in that very occupation." *Abcarian v. McDonald*, 617 F.3d 931, 941–42 (7th Cir. 2010). As for Carlson Consultants, plaintiffs haven't alleged facts showing that the company was put out of business by defendants' actions, and they haven't shown that Carlson Consultants is barred from contracting with other governmental entities, even if it can no longer contract with the Consortium. *Martin v. Haling*, 94 F.4th 667, 673 (7th Cir. 2024).

Plaintiffs also contend that defendants violated their rights to substantive due process. Dkt. 46, at 7–8. Substantive due process claims address harmful and arbitrary acts by public officials that "shock[] the conscience." *Geinosky v. City of Chicago*, 675 F.3d 743, 750 (7th Cir. 2012) (citation omitted). Plaintiffs affirmatively allege that the Consortium terminated its contract with Carlson Consultants because of missing and falsified documents and for

concerning business practices, so they haven't shown that the decision was arbitrary or conscience-shocking.

The court will grant defendants' motions to dismiss plaintiffs' due process claim.

## B. Equal protection violation

Plaintiffs contend that defendants terminated the Consortium's contract with Carlson Consultants because of David Carlson's race, in violation of the rights to equal protection. Dkt. 15, at 42–43. To show a violation of the Equal Protection Clause, a plaintiff must prove that the defendant's actions had a discriminatory effect and that they were motivated by a discriminatory purpose. *Chavez v. Ill. State Police*, 251 F.3d 612, 635–36 (7th Cir. 2001). Plaintiffs argue that David Carlson was "targeted with racial slurs and treated differently than White-owned providers, despite meeting performance metrics and having a longstanding relationship with [the Consortium]," which they say supports an inference that race was the but-for cause of defendants' actions. Dkt. 46, at 12.

Plaintiffs haven't sufficiently alleged that defendants were motivated by a discriminatory purpose. Plaintiffs allege that various defendants referred to David Carlson as "criminally minded," "aggressive," and a "psychopath." Dkt. 15, at 33. But none of those comments refer to David Carlson's race or suggest that he was singled out because of his race. The only allegation suggesting that defendants discriminated against David Carlson is that defendants didn't pursue criminal charges against the white owner of another company, Rolling Hills, whose contract was also ended due to allegations of Medicaid fraud. *See id.* at 43. But that comparison is flawed. Plaintiffs don't allege that the white owner had a probation officer, as David Carlson did. *See Miao v. United Airlines, Inc.*, 164 F.4th 622, 625 (7th Cir. 2026) (42 U.S.C. § 1981 claim). In any event, plaintiffs don't allege any facts showing that these

7

actions led to the Consortium's decision to terminate its contract with Carlson Consultants. Plaintiffs' equal protection claim fails.

CONCLUSION

Two final points. First, the court is dismissing plaintiffs' federal claims, but their state-law claims remain. There is not diversity of citizenship among the parties, so plaintiffs must rely on supplemental jurisdiction under 28 U.S.C. § 1367 to support the court's jurisdiction over the state-law claims. Generally, federal courts should relinquish jurisdiction over state law claims if all federal claims are resolved before trial. 28 U.S.C. § 1367(c)(3); *Burritt v. Ditlefsen*, 807 F.3d 239, 252 (7th Cir. 2015). In unusual cases, the balance of judicial economy, convenience, fairness, and comity will warrant the exercise of jurisdiction. *See Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). This is not such a case. The court declines to exercise its supplemental jurisdiction over plaintiffs' state-law claims.

Second, when, as here, a complaint fails to state a claim for relief, courts should ordinarily give the plaintiff an opportunity to amend the complaint to correct the problem. *See* Fed. R. Civ. P. 15(a); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). But courts need not grant leave to amend when it is clear that any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Plaintiffs have already amended their complaint once. It is unlikely that further amendment would yield viable federal claims. The court will not allow plaintiffs to further amend their complaint.

ORDER

IT IS ORDERED that:

1. Defendants County of Chippewa, Western Region Recovery and Wellness Consortium, Timothy Easker, James Sherman, Jessica Barrickman, Denise Eder, Randy Sholz, Paul Brenner, Jordan Hallingstad, and Kyra Secraw's motion to dismiss plaintiffs' amended complaint, Dkt. 36, is GRANTED.

2. Defendants Aurora Community Services, Inc., Jessica Gossen, and Andrea Olsen's motion to dismiss plaintiffs' amended complaint, Dkt. 43, is GRANTED.

3. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered March 31, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge